IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY F. EMMERICK,

                                                          OPINION AND ORDER

                  Plaintiff,

                                                          11-cv-860-bbc

     v.

STATE OF WISCONSIN,
COUNTY OF WOOD, WISCONSIN,
WOOD COUNTY COURT BRANCH II,
WOOD COUNTY SHERIFF'S
DEPARTMENT and/or OFFICE,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary and injunctive relief, which I interpret as an action under 28 U.S.C. § 1983. Plaintiff Gary F. Emmerick is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and does not have the means to make an initial partial payment. (From the affidavit of indigency plaintiff submitted, I conclude that he is not a prisoner and therefore not subject to the requirements of the Prison Litigation Reform Act.) Because plaintiff is proceeding without prepayment of costs, I must screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law

1

cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In addressing any pro se litigant's complaint, the court must accept plaintiff's allegations as true and construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Plaintiff alleges that defendants have violated his constitutional rights in connection with a criminal prosecution in which they seized his property without due process of law, destroyed relevant evidence and prosecuted him without a twelve-member jury. Plaintiff seeks damages as well as injunctive relief barring defendants from taking any more of his property. Having reviewed the complaint, I conclude that it must be dismissed without prejudice because three of the named defendants are not entities that can be sued and, with respect to the fourth defendant, the complaint contains insufficient allegations to show that plaintiff is entitled to relief under Fed. R. Civ. P. 8.

Plaintiff has alleged the following facts.

ALLEGATIONS OF FACT

Seven of plaintiff's horses were seized as part of a criminal prosecution against plaintiff. Plaintiff does not describe the nature of the charges against him; apparently they had some relation to three of the seven horses. (It appears he was also charged with disorderly conduct.) Approximately eight months later, one of the horses, a black Trakehner broodmare, was killed. The black Trakehner was one of the three horses on which the

criminal allegations rested. Before plaintiff's case went to trial, the remaining horses were sold and shipped out of Wisconsin. None of the horses were returned, and plaintiff did not receive any proceeds from the sale.

Plaintiff's criminal case was tried three times. At the first and second trials, there were no jurors. The third trial was held before a twelve-person jury, but the jurors were dismissed without reaching a verdict. Plaintiff alleges that the case was dismissed "due to court-trial violations by the [defendants] and also for a multitude of gross violations of [plaintiff's] constitutional rights." Cpt., Dkt. #1, at 2. (Plaintiff says nothing more specific about which defendants violated his rights during the trial or why the case was dismissed).

During the third trial, Judge Mason ordered that the black Trakehner could not be introduced as evidence because it had been killed. The prosecution introduced photographs of two horses that it asserted were the two remaining horses. However, one of the photographs actually depicted the black Trakehner. The prosecution admitted that it could not distinguish the black Trakehner from the horses in the photographs. Although it is not clear from plaintiff's allegations, this may be the reason the third trial ended without a verdict.

In his complaint, plaintiff requests monetary damages, return of his horses and injunctive relief prohibiting the defendants from seizing any more of his property.

3

OPINION

Three of the defendants named by plaintiff must be dismissed because they are not entities that can be sued. The State of Wisconsin is immune from suit under the Eleventh Amendment, which states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." The Supreme Court has drawn upon principles of sovereign immunity to construe the Eleventh Amendment to "establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984) (quoting Employees v. Missouri Department of Public Health and Welfare, 411 U.S. 279, 280 (1973)). Plaintiff's complaint for monetary damages against the State of Wisconsin is barred by the Eleventh Amendment.

Plaintiff has also named Wood County Sheriff's Department and Wood County Court, Branch II as defendants. Under Federal Rule of Civil Procedure 17(b), state law determines whether a particular unit of state government has the capacity to be sued under § 1983. The Wood County Sheriff's Department forms a part of the county government which it serves and is "not a separate suable entity." Whiting v. Marathon County Sheriff's Department, 382 F.3d 700, 704 (7th Cir. 2004). Litigants seeking redress for wrongs

4

committed by sheriffs or their deputies must sue either the officers who violated their rights or the county that has authority over the department.

I have found no Wisconsin authority holding that a county court may be sued as an separate entity. Hoffman v. Kehl, 2008 WL 358083 at *3 (E.D. Wis. 2008) (concluding that Kenosha County Circuit Courts is not a suable entity); Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999) (collecting cases on suable entities under Wisconsin law). Moreover, all of plaintiff's allegations regarding the court concern actions taken by the prosecutors and Judge Mason during plaintiff's criminal trial. Neither judges nor prosecutors may be sued under § 1983 for official acts they take in the context of judicial proceedings. Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006); Smith v. Power, 346 F.3d 740 (7th Cir. 2003). Although this rule may seem unfair to plaintiff, the Supreme Court has determined that these officials would be unable to perform their essential duties if they were subjected to suit by every dissatisfied litigant. Imbler v. Pachtman, 424 U.S. 409 (1976); Pierson v. Ray, 386 U.S. 547, 554 (1967).

The only remaining defendant is County of Wood, Wisconsin, which is a suable entity. Wis. Stat. § 59.01. However, plaintiff's complaint contains insufficient allegations for the court to determine whether it states a claim against Wood County. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim

5

in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

To state a claim against Wood County, plaintiff must allege facts that would establish (1) that county officials violated his rights and (2) that those violations were carried out as part of an express policy maintained by defendant, were consistent with a widespread custom or were caused by a person with final policymaking authority. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978); Latuszkin v. City of Chicago, 250 F.3d 502, 504 (7th Cir. 2001). The only allegations in the complaint relevant to defendant Wood County are that "defendants" seized plaintiff's horses without showing him a warrant, dkt. #1, at 6, and that "defendants" sold the horses before his trial. Plaintiff might be alleging that defendant (1) violated his right to due process under the Fourteenth Amendment; (2) violated his right to be free from unreasonable searches and seizures under the Fourth Amendment (made applicable to the states by the Fourteenth Amendment); or (3) withheld potentially exculpatory evidence by killing and selling his horses prior to the trial. All three claims would fail as a matter of law.

The Fourteenth Amendment prohibits state governments from depriving any person of his or her property "without due process of law." United States Constitution Article XIV. However, even if county officials intentionally or negligently seized and destroyed his

6

property, the Supreme Court has held that such claims do not raise to a constitutional violation as long as the state provides adequate post-deprivation procedures to remedy the loss of the property. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The state of Wisconsin provides post-deprivation procedures for challenging the taking of property by government entities. Wis. Stat. Chap. 810 & 893. Therefore, plaintiff's complaint does not state a claim against defendant for violation of the Fourteenth Amendment.

Hudson would not prevent plaintiff from asserting that defendant violated his substantive rights under the Fourth Amendment. Wolf-Lillie v. Sonquist, 699 F.2d 864, 872 (7th Cir. 1983). However, plaintiff's complaint fails to state a claim for violation of the Fourth Amendment, for two reasons. First, plaintiff alleges only that no one showed him the warrant; he does not allege that defendant did not have a warrant or that it had a defective warrant or that it failed to notify him of the seizure. Due process requires law enforcement agents to provide a property owner adequate notice when his property is taken so that he can pursue remedies for its return, Schroeder v. City of New York, 371 U.S. 208, 214 (1962); City of West Covina v. Perkins, 525 U.S. 234, 240 (1999), but the Fourth Amendment does not require "the executing officer to serve the warrant on the owner before commencing the search," Groh v. Ramirez, 540 U.S. 551, 562 n.5 (2004), or "to have a warrant in hand when searching." United States v. Cazares-Olivas, 515 F.3d 726, 730 (7th Cir. 2008).

Finally, plaintiff's complaint might be interpreted as alleging that sheriff's deputies

7

(or whoever had the duty to store evidence) violated their duty to turn over exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963), when they sold or killed the horses that formed the bases of the charges against plaintiff.  A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused.  Youngblood v. West Virginia, 547 U.S. 867, 869 (2006).  Although the Court of Appeals for the Seventh Circuit has declined to decide whether a plaintiff can assert claim for a Brady violation when the trial did not result in a conviction, it has held that, "if such a claim exists, the plaintiff would need to show that 'the decision to go to trial would have been altered by the desired disclosure.'"  Mosley v. City of Chicago, 614 F.3d 391, 397 (7th Cir. 2010).  Plaintiff has not alleged why the horses provided materially favorable evidence or how the sale of the horses affected the decision to go to trial.  More important, even if sheriff's deputies acted unlawfully when they seized, killed or sold the horses, plaintiff has not alleged any facts that would make defendant Wood County liable for the deputies' actions.  Plaintiff has not alleged facts that would show that these actions were caused by a custom or policy maintained by the defendant or by someone with final policymaking authority for defendant.

Also, plaintiff cannot pursue any claim for injunctive or declaratory relief against defendant because nothing in the complaint suggests that defendant will be likely to subject plaintiff to similar conduct in the future.  Thus, this court lacks jurisdiction to issue any

injunctive or declaratory relief. City of Los Angeles v. Lyons, 461 U.S. 95, 105-07 (1983). In summary, plaintiff's complaint does not contain sufficient allegations of facts to show that he would be entitled to relief against defendant Wood County, so his complaint must be dismissed without prejudice under Fed. R. Civ. P. 8.

ORDER

IT IS ORDERED that plaintiff Gary F. Emmerick's complaint is DISMISSED without prejudice under Fed. R. Civ. P. 8. The clerk of court is directed to close this case.

Entered this 4th day of April, 2012.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge